FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 3 0 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY PIPOLA,

                       Petitioner,          MEMORANDUM
                                                       AND ORDER

   -against-

                                                        12 CV 798 (SJ)

UNITED STATES OF AMERICA,

                       Respondent.
------------------------------------------------------------X
JOHNSON, Senior United States District Judge:

*Pro se* petitioner Anthony Pipola brings the instant *pro se* motion challenging his 1994 conviction and sentence entered in this Court. Since Petitioner has already filed a prior motion under 28 U.S.C. § 2255 ("§ 2255") challenging the same conviction, this Court cannot consider the instant petition. The petition is hereby transferred to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631.

## BACKGROUND

Petitioner was convicted on March 29, 1994 on armed robbery and firearms charges. He appealed his conviction to the United States Court of Appeals for the Second Circuit, which affirmed the judgment on April 29, 1996. United States v. Pipola, 83 F.3d 556 (2d Cir.), cert. denied, 519 U.S. 869 (1996).

On August 16, 1997, petitioner filed a motion to vacate his conviction and sentence pursuant to § 2255, which was denied by this Court on October 19, 1999. Pipola v. United States, No. 97 CV 4988 (SJ), 1999 WL 993718 (E.D.N.Y. Oct.

19, 1999), reconsideration denied, Slip op. (E.D.N.Y. April 27, 2001), appeal denied, Issued as Mandate, No. 01-2366 (2d Cir. Feb. 25, 2002); second motion reconsideration denied, 2005 WL 1457722 (E.D.N.Y. Jun. 17, 2005); appeal dismissed, Slip op. (2d Cir. May 31, 2006), cert. denied, 549 U.S. 955 (2006). Thereafter, petitioner filed an application for a writ of *audita querela*, which the Court denied on April 28, 2010. Pipola v. United States, No. 09 CV 1804 (SJ), 2010 WL 1713239 (E.D.N.Y. April 28, 2010), aff'd, 430 Fed. Appx. 31, 2011 WL 2745794 (2d Cir. July 15, 2011).

Petitioner filed the instant motion to vacate pursuant to § 2255 on February 15, 2012. He argues that this successive petition should be deemed a first motion because "the Court summarily and wrongly denied the Petitioner's [first] § 2255 motion." (Pet. at 10.)

## DISCUSSION

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "As a general rule, when collaterally attacking a sentence on the ground that he was convicted in violation of the Constitution or federal law, a federal prisoner must use § 2255." Roccisano v. Menifee, 293 F.3d 51, 57 (2d

2

Cir. 2002)(internal quotations marks and citations omitted). However, § 2255 contains several gatekeeping provisions, including strict requirements for bringing successive petitions.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Thus, only the Court of Appeals, and not the District Court, may certify whether a second or successive petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. See Liriano v. United States, 95 F.3d 119 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, he shall move to reopen under this docket number.

SO ORDERED.

/S/
———————————————
STERLING JOHNSON, JR.
Senior United States District Judge

Dated: March 27, 2012
      Brooklyn, New York